## JOHN WHITE v. THE STATE.

1. ARREST WITHOUT WARRANT. *Fresh pursuit. Code* 1880, § 3026.

   Where a burglary is committed at night, and, being discovered the next morning, an officer and others immediately follow, and, shortly coming upon the felon in hiding, he flees, and is followed, this is a fresh pursuit within the meaning of § 3026, code 1880, and a warrant for the arrest is not necessary.

2. SAME. *Resisting arrest. Homicide. Self-defense.*

   In such case, where the fugitive, being followed, is commanded by one of the pursuers, who is in advance of the officer, to surrender, and he refuses, and, when overtaken, kills such pursuer, who, at the time, presents a pistol, and seeks to arrest him, he is guilty of murder, and cannot invoke the doctrine of self-defense.

3. SAME. *Cause of arrest. Showing commission of felony.*

   In such case, it is competent for the state to prove that the defendant had committed the burglary the preceding night, as tending to show that the arrest could lawfully be made on pursuit without warrant, and that the defendant knew why he was sought to be arrested.

FROM the circuit court of Lauderdale county.

HON. S. H. TERRAL, Judge.

Appellant, a negro, was convicted of the murder of one Logan, also a negro, who was killed by him April 18, 1892, under the following circumstances: On the morning of that day it was discovered that a store in Meridian had been burg-

larized the night before, and a number of articles stolen therefrom. Harvin, a constable, was notified, and, taking with him one Bloodsworth, and the deceased, Logan, he went in search of the person who had committed the crime. Logan had seen a man pass his house early in the morning, and they took the track of this man, and followed it something over half a mile to the woods. Here Logan, being in advance, discovered the defendant lying down, and he stopped and beckoned to the others to come on. The defendant was asleep, but was awakened by hearing the footsteps. Seeing the parties, and the motions made by Logan, he jumped up and fled. The pursuers called to him to stop, and Harvin hallooed to Logan to get a pistol and shoot him. Logan stopped and took Bloodsworth's pistol, and, running forward, fired it several times, calling to defendant to stop and surrender. But he did not stop, and the pursuers followed him, Logan being in front, and Bloodsworth some little distance behind him. The pursuit continued for a distance of more than half a mile. The parties soon passed out of Harvin's sight, but he followed on. Logan finally came up with the defendant. Both men were about exhausted, and were walking along side by side, Logan a little in front, with pistol in hand, saying to defendant, " Stop ! " " Surrender ! " Bloodsworth was in sight, and saw defendant drop his coat, which was under his arm, and turn and shoot Logan with a pistol. There was evidence tending to show that Logan also shot at this time. After shooting Logan, the defendant turned and shot Bloodsworth, who grappled with and overpowered him. Harvin then came up, and found Logan dying, and Bloodsworth holding the defendant on the ground.

The defendant afterwards confessed to his participation in the burglary. On the trial he testified that he ran because he was frightened by the approach of the men in the woods; that he did not know what they had come for; that he did the killing in self-defense; that deceased, having fired at him several times, was in the act of shooting again, when he shot

him.   Objection was made to proof by the state that the defendant had committed the burglary.

The parties making the arrest had no warrant. Prior to the killing the defendant was not informed of the object or cause of the attempted arrest.   The only thing said to him was the demand to stop and surrender.   He heard the command of the officer to shoot him.

The following instructions, among others, were given for the state:

" If the jury believe from the evidence that James Logan, acting with Harvin and Bloodsworth, was attempting to arrest the defendant for the burglary of Nerdlinger's store, and that the defendant, having reasonable grounds to believe them so acting, in order to escape or prevent the arrest, shot and killed Logan, then he is guilty of murder, and the jury should so find.

" If the jury believe from the evidence that the defendant was guilty of a felony, and that Logan, Harvin and Bloodsworth were in pursuit of him to arrest him, and defendant had reasonable ground to believe they were so acting, then Logan had a right to shoot at White, if it was necessary so to do in order to arrest him, and White had no right to return the fire or to shoot Logan.

" If the jury believe from the evidence that the defendant was guilty of a felony, then, under the law, James Logan, or any private citizen, had a right to arrest him with or without a warrant.

" The law does not require an officer to make known to the party whom he seeks to arrest the object and cause of such arrest, when the party whom they are seeking to arrest has reasonable ground to believe, from all the circumstances, that he is intended to be arrested, and the officers be on pursuit for that purpose."

For the defendant, the following instructions, with others, were given:

" The court charges the jury that the deceased, Logan, did.

not have a right to shoot at the defendant unless it became necessary to take and overcome him; and, if the jury believe from the evidence that Logan fired the first shot at defendant, and was in the act of shooting him again, when no such necessity existed, then the defendant had a right to defend himself.

"If, from the evidence, the jury believe or entertain a reasonable doubt that, at the time the defendant shot James Logan, the defendant had reasonable grounds to believe that Logan was about unnecessarily to kill the defendant, or do him great bodily harm, and that, at said time, there was imminent danger that Logan would kill the defendant, then the defendant had a right to defend himself, and to shoot Logan to save his own life."

Defendant was convicted and sentenced to be hanged. Motion for new trial overruled.

The defendant being unable to employ counsel, the court below appointed attorneys to conduct his defense, and they represented him in that court and on this appeal.

*S. A. Witherspoon* and *R. F. Cochran*, for appellant,

Filed a lengthy written argument, making the following points:

1. It was necessary for Logan to "inform the accused of the object and cause of the arrest," in order to deprive him of the right of self-defense. Code 1880, § 3026. The defendant did not know whether the parties coming upon him in the woods were officers or highway robbers, and they gave him no intimation of what they wanted, except that they desired to shoot him. Commanding one to stop, and threatening to shoot him, is not an effort to arrest. If the party has no warrant, he must not only show the accused that he wants to arrest him, but must tell him the object and cause. The only exceptions are where the offense was committed in the presence of the person, and when the accused is arrested on pursuit. But in all cases the accused must be notified that

the person desires to arrest him. This not being done, he may make his defense. It would have been as easy for Logan to inform defendant that he desired to arrest him as to inform him that he would shoot him. Defendant was not told that if he surrendered he would be considered under arrest, or taken to jail or before a court.

2. Defendant was not arrested on pursuit, and hence it was incumbent on Logan to inform him of the object and cause of the arrest. The expression, "on pursuit," in the statute applies to a case where the defendant is pursued from the place of his crime, when his very pursuit and flight shows that he knows the purpose of the arrest. So, too, if the crime is committed in the presence of the officer. The fact here that only a half-day elapsed after the burglary, and before the arrest, does not distinguish this case from one where ten years had intervened. Suppose ten years had elapsed, and defendant had been found sleeping in Washington county, would that be called an arrest on pursuit? In such case, the defendant could not be presumed to have any idea of the object of the pursuit.

3. The court, by the instructions, made the defendant's right to the statutory notice depend, not upon the question whether he was arrested on pursuit, but upon the question whether he had reasonable grounds to believe the burglary was the cause of his arrest. This was error. It made no difference what the defendant believed on that subject. If he was not arrested on pursuit, in the absence of a warrant, Logan had no right to arrest him without informing him of the cause.

We submit that the judgment must be reversed.

*T. M. Miller,* attorney-general, for the state.

The appellant was properly convicted. The circumstances abundantly negative the theory that the defendant may have supposed that he was pursued by a band of robbers, and that he did not know the purpose for which the effort was being

made to arrest him. When the accused is taken in pursuit, as here, it is not necessary to inform him of the object and cause of the arrest. *People* v. *Pool*, 27 Cal., 572.

What is true of an officer arresting for felony, applies to a private person. *State* v. *Spaulding*, 34 Minn., 361; Roscoe's Cr. Ev., 760.

Where one who has freshly committed a felony is pursued, and he has good reason to believe the purpose is merely to arrest and bring him to justice, there is no room for him to suppose that he is in danger of life or bodily harm if he surrenders.

There can be no question of the correctness of the instructions here, or of defendant's guilt. He cannot invoke the doctrine of self-defense, under the facts of the case.

COOPER, J., delivered the opinion of the court.

It was competent for the state to prove that the appellant had been guilty of burglary on the night preceding the homicide, because:

1. That fact tended to show that the deceased had the right to arrest the appellant without a warrant.

2. It tended to show that appellant knew why he was sought to be arrested.

The pursuit of appellant was a fresh pursuit, within the meaning of § 3026, code 1880. What is fresh pursuit must be determinable by circumstances, and where, as in this case, a felony is committed at night, discovered in the morning and the officer immediately follows and overtakes the felon, who is attempting to escape, it is not necessary that he shall have a warrant for his arrest; and where, as here, the fleeing felon is commanded to surrender, but refuses so to do, and runs away, and, being overtaken, kills the person seeking to arrest him, he cannot invoke the principle of self-defense.

This case, in all its facts, is strikingly similar to *People* v. *Pool*, 27 Cal., 572, in which the questions here decided were involved.

*Judgment affirmed.*