BROTHERHOOD OF RAILWAY, AIR-
LINE AND STEAMSHIP CLERKS,
FREIGHT HANDLERS, EXPRESS
AND STATION EMPLOYES, Petition-
er,

v.

SPECIAL BOARD OF ADJUSTMENT
NO. 605
and
The Atchison, Topeka and Santa Fe Rail-
way Company, Respondents.

No. 67 C 1823.

United States District Court
N. D. Illinois, E. D.

June 28, 1968.

Albert Gore, of Jacobs & Gore, Chica-
go, Ill., Edward J. Hickey, Jr. and Wm.
J. Hickey, of Mulholland, Hickey & Ly-
man, Washington, D. C., William J. Don-
lon, Gen. Counsel, Brotherhood of Rail-
way, Airline and Steamship Clerks, Cin-
cinnati, Ohio, for petitioner.

C. George Niebank, Jr., Floyd Stuppi
& Robert R. Bateson, Chicago, Ill., for
respondent Atchison, Topeka and Santa
Fe.

MEMORANDUM AND ORDER
ON RESPONDENT'S MOTION
FOR SUMMARY JUDGMENT

ROBSON, District Judge.

Respondent Santa Fe has moved for
summary judgment. This court is of
the opinion that the motion should be
granted.

The petitioner Union and the respon-
dent Santa Fe were parties to a multi-
lateral mediation agreement entered into
on February 7, 1965. This agreement
provided that all controversies as to its
interpretation and application were to be
submitted by either party to a "disputes
committee." Under the terms of the
agreement, awards made by a "disputes
committee" are final and binding.

A dispute arose as to the application
of the mediation agreement to a particu-
lar group of employees represented by
petitioner. Upon petitioner's election to
submit the controversy to a "disputes
committee," Special Board of Adjust-
ment No. 605 was formed. Petitioner
submitted two questions to the Special
Board regarding the applicability of the
agreement to the particular group of
employees at issue. The Special Board
answered both questions in the negative,
thereby ruling against the petitioner.

Petitioner is now before this court
seeking to set aside the award of the

**398**

Special Board on the grounds that (1) the Special Board did not resolve the questions before it; (2) the Special Board resolved a question not before it, and therefore exceeded its jurisdiction, and (3) the Special Board undertook to interpret a court order which was not properly before it. Respondent Santa Fe contends that this court does not have jurisdiction over this matter, and that even if jurisdiction were present, this award is not the proper subject of judicial review.

■ The court agrees with the respondent that it does not have jurisdiction to review an award made by a special board of adjustment. Petitioner claims jurisdiction under 45 U.S.C.A. § 153, First (q). However, this provision delegates limited judicial review to the United States district courts only with respect to the National Railroad Adjustment Board and its enumerated divisions. There is no authorization here to review awards made by special boards.

A subsequent section of the Railway Labor Act authorizes the establishment of special boards by voluntary agreement. 45 U.S.C.A. § 153, Second. This provision sets out the administrative and procedural guidelines to be observed by a special board and specifies that its awards shall be final and binding on the parties. Judicial review is not authorized. The legislative history of this section indicates that Congress authorized special boards as a voluntary procedure to expedite the settlement of minor disputes, thereby alleviating the tremendous backlog of matters pending before the National Railroad Adjustment Board. 1966 U.S.Code Cong. and Adm. News, p. 2285.

Neither case law nor the legislative history of the pertinent provisions of the Railway Labor Act provide a basis for the jurisdiction of this court to review the award made by Special Board of Adjustment No. 605.

■ Furthermore, even if this court were to find jurisdiction, the limited scope of review over awards made by the National Railroad Adjustment Board would preclude review of this case. Review is authorized only where the Board fails to comply with the requirements of the Railway Labor Act; or where the Board fails to confine itself to matters within the scope of its jurisdiction; or for fraud or corruption by a Board member. 45 U.S.C.A. § 153, First (q). Nothing in the pleadings indicates that Special Board of Adjustment No. 605 has committed any of these transgressions. Petitioner submitted two specific questions to the Special Board for resolution and, in due course, received two specific answers. It appears that petitioner disapproves of the Board's rationale, contending that the Board reached its result by consideration of a matter not properly before it.

■ The conclusions reached by the Special Board are clearly within its competency, as they directly and unequivocally answer the questions submitted by petitioner. It would be improper for this court to inquire into the reasons upon which the Board based its conclusions. Neither arbitrary nor capricious conduct by the National Railroad Adjustment Board are grounds for judicial review under the statute cited by petitioner; these grounds were in fact proposed, considered and rejected by the draftsmen of the statute. 1966 U.S. Code Cong. & Adm. News, p. 2287. This court must further observe that the United States Supreme Court has established as a principle of national labor policy that the federal courts should decline to review the merits of arbitration awards rendered under collective bargaining agreements. United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); United Steelworkers of America, AFL-CIO v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

It is therefore ordered that the motion for summary judgment is hereby granted, and the cause is hereby dismissed with prejudice.