**Emilio REYES, Petitioner,**

v.

**A. E. SLAYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 71–C–37.**

United States District Court,
W. D. Virginia,
Danville Division.

Sept. 1, 1971.

William P. Robinson, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

This case comes before the.court upon a petition for a writ of habeas corpus filed *in forma pauperis* by Emilio Reyes, a state prisoner, pursuant to 28 U.S.C. § 2241. The petition was filed in the United States District Court for the Eastern District of Virginia, and by order dated June 29, 1971 was transferred to this court.

Petitioner is currently serving a sentence of twenty years in the Virginia State Penitentiary, pursuant to a judgment of the Corporation Court of the City of Martinsville, imposed on December 13, 1967, for armed robbery. The conviction resulted after a trial by jury in which the petitioner, represented by court-appointed counsel, entered a plea of not guilty.

Following his conviction petitioner by counsel filed a notice of appeal and assignment of error to the Virginia Supreme Court of Appeals. Finding no reversible error, that court on June 17, 1969 refused petitioner's writ of error and supersedeas, and affirmed the conviction.

Petitioner alleges several constitutional errors in his petition: (1) his warrantless arrest, secured by police officers beyond their territorial jurisdiction, was illegal because the officers were not in close pursuit of the petitioner; (2) the arresting officers failed to advise petitioner of his constitutional rights; (3) since the arrest was illegal, the attendant search and seizure was also illegal; (4) the fruits of the illegal search were used to induce petitioner to confess; and (5) petitioner was denied an interpreter without which he could not

have received a fair trial nor understood his constitutional rights even if he had been so advised.

The only error assigned on his appeal is the first claim on which petitioner relies. Having presented that claim to the state court on direct appeal, petitioner has exhausted his state remedies as required by 28 U.S.C. § 2254. He is not required to raise the same ground by collateral attack. Grundler v. North Carolina, 283 F.2d 798 (4th Cir. 1960).

The facts necessary to make a determination on the claim are not in dispute. Shortly before midnight on October 19, 1967 officers Creasy and Dodson of the Martinsville City Police received a report of an armed robbery committed moments before at Tucker's Sunoco Service Station in Martinsville. The report described the perpetrator as a slight, dark man wearing light pants, a dark shirt, and a green Sinclair hat. The officers, who were only a block from the station when they received the call, went directly to the station; when they arrived the attendant said nothing but indicated by pointing that the robber had fled east on Route 58. Unaware that a car was involved, the officers drove for several minutes around the streets nearest the station, and finding nothing, proceeded further on Route 58. They found a green Sinclair hat lying in one of the eastbound lanes of the intersection of routes 57 and 58, from which they opined that the felon was leaving the city. The patrol car accelerated and continued on Route 58. Just beyond the city limits of Martinsville the officers noticed oil smoke or mist on the highway left recently by a vehicle traveling very fast. The officers saw no east-bound traffic until they approached the Pittsylvania County line, where the taillights of a car a mile or so ahead appeared. Minutes later the policemen came upon two cars, one traveling rapidly and weaving between the eastbound lanes. As the patrol car closed to within four or five carlengths of the speeding vehicle and

its lights fell on its driver, he threw paper currency from the window onto the highway. The officers engaged their siren and red lights, the other car slowed to a stop and the petitioner, sole occupant of the car, was immediately arrested.

Petitioner does not contend that there was no probable cause for his arrest. Rather he claims that the officers were not in close pursuit of the petitioner within the enabling provisions of Section 19.1–94 of the Code of Virginia. That section provides in pertinent part:

> The authority of any officer of any county, city or town authorized by law to make arrests shall extend * * * throughout the State when in close pursuit of a person sought to be arrested on the ground that such person has committed a felony in this State, even though no warrant has been issued.

Close pursuit is pursuit instituted immediately and with intent to recapture or reclaim, as where a thief is fleeing with stolen goods. State v. Goff, 174 Neb. 548, 118 N.W.2d 625 (1962); People v. Sandoval, 65 Cal.2d 303, 54 Cal.Rptr. 123, 419 P.2d 187 (1966). It is a relative term and has reference to time or distance, or both, depending on the facts of the case. Callands v. Commonwealth, 208 Va. 340, 157 S.E.2d 198 (1967); White v. State, 70 Miss. 253, 11 So. 632 (1892).

We hold that the officers were in close pursuit of the petitioner. Within minutes of the robbery, Creasy and Dodson had begun an unbroken search, armed with a description of the perpetrator. At successive stages, they found clues that indicated not only the direction of the petitioner's flight but ultimately his identity. The time elapsed from felony to arrest did not greatly exceed a quarter hour. It is not fatal to our holding that the officers did not see the petitioner until they were beyond the city limits of Martinsville. State v. Murray, Mo.Supp., 445 S.W.2d 296 (1969); State v. Keeny, Mo.Supp., 431

S.W.2d 95 (1968) (same transaction). The officers were therefore authorized by law to make the arrest.

██ None of petitioner's remaining claims has been presented to the state courts either in direct or collateral proceedings. We hold that Mr. Reyes has failed to exhaust his available state remedies pursuant to the provisions of 28 U.S.C. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963). Exhaustion requires that the claim must be presented once to the highest court in the state. Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1963). After the issues have been properly presented on direct appeal to the highest state court to which resort may be had one who then petitions the federal court for relief "will be deemed to have fully complied with the exhaustion requirement since further resort to the state courts may fairly be considered futile after the state's highest court has passed on the issues presented." Thompson v. Peyton, 406 F.2d 473, 474 (4th Cir. 1968); see also Edmondson v. Warden, 335 F.2d 608 (4th Cir. 1964); Grundler v. North Carolina, *supra*. The collateral remedies which petitioner claims he has pursued do not involve the conviction which this petition attacks. Petitioner has not therefore "properly presented" the claims alleged here to the state courts. Thompson v. Peyton, *supra*; Ganger v. Peyton, 379 F.2d 709 (4th Cir. 1967).

Accordingly, it is ordered that the petition for a writ of habeas corpus be dismissed and the relief denied. This dismissal is without prejudice to the refiling of a petition on the claims not adjudicated here after he exhausts his available state remedies.

If the petitioner wishes to appeal this judgment or any part thereof, he should file with the clerk of *this* court within 30 days a notice of appeal. Failure to file notice of appeal within 30 days may result in a denial of the right of appeal. The notice of appeal shall state the following:

1. the judgment, order or part thereof appealed from;

2. the party or parties taking the appeal; and

3. the court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.