Emilio **REYES**, Petitioner,

v.

A. E. **SLAYTON**, Jr., **Superintendent, Virginia State Penitentiary, Respondent.**

Civ. A. No. 72–C–5–D.

United States District Court,
W. D. Virginia,
Danville Division.

April 17, 1972.

William P. Robinson, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

Emilio Reyes petitions this court for a writ of habeas corpus to terminate his alleged illegal confinement in the Virginia State Penitentiary. Leave to proceed *in forma pauperis* has been granted.

Reyes was convicted of robbery in the Corporation Court of Martinsville on December 13, 1967, and sentenced to a twenty year term in the State Penitentiary. The conviction arose from a jury trial at which petitioner, represented by court-appointed counsel, pleaded guilty to the charge.

Although the petition is rather vague, it appears that several constitutional errors are alleged: 1) illegal arrest, as the police were not in close pursuit; 2) failure of the police to advise petitioner of his constitutional rights upon arrest; 3) illegal search and seizure; 4) failure of the police to conduct a pre-trial lineup; 5) failure of the court to provide an interpreter.

 This court has considered Reyes' allegations in two prior unsuccessful habeas corpus petitions attacking the robbery conviction challenged here and also attacking burglary and larceny convictions, of which all claims arose from a single factual incident. Reyes v. Slayton, 331 F.Supp. 325, 71–C–37–D (D.C. 1971) (robbery);[1] Reyes v. Cox, 336

1. Reyes withdrew the petition which formed the basis of C.A. No. 71–C–37–D the day before this court entered its order dismissing the petition on the merits. So far as it is relevant, the claims presented here are identical to those presented earlier. Accordingly, this court adopts its former findings and conclusions and applies them to this case.

F.Supp. 829, 71–C–56–D (D.C.1971) (burglary and larceny). Before the conclusory effect of those decisions is invoked here, a brief review of the established facts is necessary. Around midnight, October 19, 1967, Reyes was lawfully arrested while fleeing from the scene of the robbery committed minutes before in Martinsville. Following his arrest the pursuing officers advised petitioner of his constitutional rights. Found upon petitioner's person and in his automobile was evidence indicating that he committed not only the robbery but also burglaries two days earlier. Several hours after he was returned to the Martinsville police station, the officers investigating the burglaries again advised him of his constitutional rights. Petitioner's claims relating to the arrest, warnings, and search and seizure were resolved against him in the two prior decisions, as noted, which to a large extent overlap. The court need not consider further the merits of these claims. 28 U.S.C. § 2244; see Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L. Ed.2d 148 (1963); Johnson v. Copinger, 420 F.2d 395 (4th Cir. 1969).

 Because petitioner has not submitted his remaining claims to the Virginia Supreme Court on either direct or collateral appeal, he has not effectively exhausted his state remedies, within the meaning of 28 U.S.C. § 2254. Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1964). Leaving aside any questions of waiver, the court will nevertheless consider these claims, trusting that by doing so no interests of comity between this court and the Virginia state courts will be strained.

Petitioner's complaint that the police erred in failing to conduct a pretrial lineup requires no further comment, since an accused has no constitutional right to a lineup. Fogg v. Commonwealth, 208 Va. 541, 159 S.E.2d 616 (1968).

Reyes also claims that the failure of the court to provide an interpreter denied him a fair trial, because his limited knowledge of English prevented him from understanding the trial proceedings. In denying the habeas corpus petition the trial court recalled its pretrial finding Reyes had the ability to speak and understand English. The court also observed that at all stages of the trial he exhibited a sufficient command of English to the extent that he had no difficulty understanding the proceedings. The trial transcript demonstrates that petitioner handled himself well when he testified on his own behalf. It is also noted that prior to trial, petitioner had lived and worked in this country for more than five years, in surroundings conducive to the acquisition of at least a basic comprehension of the English language. Clearly petitioner understood the nature of the proceedings from arrest to conviction, and it was not incumbent upon the Trial Court to provide an interpreter. Under these circumstances, the claim has no merit.

In light of the above, is is ordered that the petition for a writ of habeas corpus be dismissed.