**Mason C. BRYANT, Plaintiff,**

v.

**BROTHERHOOD OF RAILWAY, AIRLINE AND STEAMSHIP CLERKS, FREIGHT HANDLERS, EXPRESS AND STATION EMPLOYEES,** and **Chesapeake and Ohio Railway Company, Defendants.**

**Civ. A. No. 72–C–20–C.**

United States District Court,
W. D. Virginia,
Charlottesville Division.

Dec. 14, 1972.

Willard J. Moody, Moody, McMurran & Miller, Portsmouth, Va., for plaintiff.

Aubrey R. Bowles, III, Richmond, Va., for defendants.

*Ruling on Motion to Dismiss*

DALTON, Chief Judge.

Plaintiff, a former full-time railway station porter, brings this action against his union, The Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees (BRAC or The Brotherhood) and against his employer, The Chesapeake and Ohio Railway Company (C&O), for restoration of his former seniority rights. He alleges jurisdiction under 28 U.S.C. § 1332[1] (diversity of citizenship) and 28 U.S.C. §§ 2201[2] and 2202[3] (declaratory judgment). Plaintiff filed his original complaint on August 7, 1972 and filed an amended complaint on August 9, 1972. He seeks back pay in the amount of $34,100 and a declaration of the rights of the parties, along with injunctive relief and other appropriate ancillary relief.

Defendant BRAC, in a motion to dismiss the amended complaint filed on November 10, 1972, seeks to have this action dismissed due to lack of jurisdiction of this court over the subject matter.

## STATEMENT OF FACTS

Plaintiff, a resident of Charlottesville, was employed full-time until May 20, 1968 as a station porter by the defendant C&O at its station in Charlottesville. He has been an employee of C&O since 1945, and since 1947 he has been a member in good standing of the defendant BRAC, through the O. B. Dick-

1. 28 U.S.C. § 1332. (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—
   (1) citizens of different States;
   (2) citizens of a State, and foreign states or citizens or subjects thereof; and
   (3) citizens of different States and in which foreign states or citizens or subjects thereof are additional parties.

2. 28 U.S.C. § 2201. In a case of actual controversy within its jurisdiction, except

   with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

3. 28 U.S.C. § 2202. Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

erson Lodge No. 1798 at Clifton Forge, Virginia.

On May 20, 1968, C&O abolished plaintiff's position, designated as C–152, at its station in Charlottesville. Bryant was employed pursuant to a collective bargaining agreement, which incorporated the regulations between C&O and its employees (including Bryant), who were represented by BRAC. Bryant was a Group 3 employee within the meaning of the Regulations. The pertinent provisions of the regulations are as follows:

Rule 18

(b) When reducing forces or abolishing positions, seniority rights shall govern. Employees displaced by reduction of forces or abolishing of positions must (unless prevented on account of personal illness or other unavoidable cause) exercise seniority rights on the roster on which displaced within 10 working days (General Office and Accounting Department, Huntingdon District, 5 working days) from date displaced or forfeit all seniority rights, except:

(4) A displaced Group 3 employee whose seniority rights do not entitle him to a position at his home station or terminal, will not be required to exercise seniority rights at other than his home station or terminal.

[d] "Cutoff" Group 3 employees, if available, shall be returned to the service in the order of their seniority rights for Group 3 temporary vacancies or new positions of less than 30 calendar days duration under the provisions of Rule 12.

Bryant was also employed under the Mediation Agreement of February 7, 1965, one purpose of which was to provide economic security to those workers whose jobs were abolished by C&O. The pertinent provision, Article 2, Section 1, reads as follows:

An employee shall cease to be a protected employee in case of his resignation, death, retirement, dismissal for cause in accordance with existing agreements or failure to retain or obtain a position available to him in the exercise of his seniority rights in accordance with existing rules or agreements, or failure to accept employment as provided in this Article.

Bryant, allegedly in accordance with Rule 18(b)(4) of the Regulations chose not to displace a junior employee occupying a permanent position in Clifton Forge Seniority District, and selected "home rule." He sought to make himself available to fill temporary vacancies, in accordance with Rule 18(d) of the Regulations.

Bryant was subsequently informed that he had lost his protected status by violating Article 2, Section 1 of the Mediation Agreement, failure to obtain an available position.

Plaintiff appealed this decision to the Board of Adjustment, the Appeals Committee of the Board of Adjustment and to Mr. C. L. Dennis, International President of BRAC. He now seeks the aid of this court in the interpretation of the appropriate provisions of the collective bargaining and mediation agreements and desires restoration of his seniority rights, along with back pay. He claims diversity of citizenship because BRAC is an international labor union with its principal office in Rosemont, Illinois and C&O is incorporated in Ohio, with its principal place of business there.

## RULING ON MOTION TO DISMISS

█ The declaratory judgment sections of the United States Code, 28 U.S.C. §§ 2201 and 2202, do not create jurisdiction in a federal court to entertain a complaint but merely add an additional remedy when the court already has jurisdiction to entertain the suit. Groundhog v. Keeler, 442 F.2d 674 (10th Cir. 1971); Sellers v. Regents of University of California, 432 F.2d 493 (9th Cir. 1970); Ragoni v. United States, 424 F.2d 261 (3rd Cir. 1970); Brown & Root, Inc. v. Big Rock Corp., 383 F.2d 662 (5th Cir. 1967); State Farm Mutual Automobile Insurance Company v.

Hugee, 115 F.2d 298 (4th Cir. 1940). The court must now determine if there is sufficient diversity for it to assume jurisdiction under 28 U.S.C. § 1332.

■ It is established law that diversity jurisdiction cannot be invoked in the federal courts of any state of which the plaintiff is a citizen and the union has members since the union is also a citizen of such state for purposes of application of diversity jurisdiction under 28 U.S.C. § 1332. United Steelworkers of America v. Bouligny, Inc., 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965). In the *Bouligny* case, the union contended that its citizenship for the purposes of 28 U.S.C. § 1332 was to be determined by the location of its headquarters rather than by the citizenship of its individual members. The Supreme Court rejected this argument and stated at 382 U.S. 153, 86 S.Ct. at p. 276:

> Whether unincorporated labor unions ought to be assimilated to the status of corporations for diversity purposes, how such citizenship is to be determined, and what if any related rules ought to apply, are decisions which we believe suited to the legislative and not the judicial branch, regardless of our views as to the intrinsic merits of petitioner's argument—merits stoutly attested by widespread support for the recognition of labor unions as juridical personalities.

In Truck Insurance Exchange v. Dow Chemical Company, 331 F.Supp. 323 (W.D.Mo.1971), an unincorporated association sought to be recognized as a citizen of California, its place or origin and its principal place of business. The court, citing *Bouligny,* said at 331 F. Supp. 325 "Thus, under the prevailing authorities, it is apparent that where an action is based on diversity jurisdiction, as in the present case, the unincorporated association will not be given a fictional citizenship, but rather the citizenship of each of its members."

■ In the present case, the complaint shows that BRAC has members in the State of Virginia. Paragraph 3 of the amended complaint shows that the plaintiff is a member in good standing of the defendant union by reason of being a member of O. B. Dickerson Lodge No. 1798, Clifton Forge, Virginia. Paragraph 4 of the amended complaint alleges that BRAC is an international labor union to which the plaintiff and many other railroad employees in similar positions at Charlottesville, Virginia belong. Therefore, under *Bouligny,* BRAC is a citizen of Virginia for purposes of diversity, and subject-matter jurisdiction cannot be invoked under 28 U.S.C. § 1332, as plaintiff is also a citizen of Virginia. Defendants' motion to dismiss plaintiff's amended complaint must therefore be granted.

■■ The court also notes that this dispute involves interpretation and application of collective bargaining agreements between BRAC and C&O. Jurisdiction for such dispute rests solely with the boards of adjustment. Two separate agreements are involved—the basic collective bargaining agreement between the parties and the Mediation Agreement of February 7, 1965. Plaintiff's amended complaint rests upon interpretation and application of the latter agreement, and defendant contends that the agreement provides for such disputes to be submitted to Special Board of Adjustment No. 605. The decisions of the Board are final and not subject to judicial review. Brotherhood of Railway and Airline Clerks v. Special Board of Adjustment No. 605, 286 F.Supp. 397 (N.D.Ill.1968), aff'd 410 F.2d 520 (7th Cir. 1968), cert. den. 396 U.S. 887, 90 S.Ct. 177, 24 L.Ed.2d 162. Therefore, this court would not have jurisdiction even with diversity.

■ In addition, if the amended complaint rests plaintiff's claim upon the basic collective bargaining agreement between the parties, the Supreme Court has made clear that exclusive jurisdiction over the interpretation and application of such agreement rests with the National Railroad Adjustment Board created by Section 3 of the Railway La-

bor Act.  Andrews v. Louisville and Nashville R. Co., et al., 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972).

Accordingly, for the reasons stated above, defendants' motion to dismiss plaintiff's amended complaint is granted.