George Lewis JONES, Petitioner,

v.

SUPERINTENDENT, VIRGINIA STATE FARM, Respondent.

Civ. A. No. 73-C-16-C.

United States District Court, W. D. Virginia, Charlottesville Division.

July 5, 1973.

Robert E. Shepherd, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus filed *in forma pauperis* by George Lewis Jones, a state prisoner, pursuant to the provisions of 28 U.S.C.A. § 2241. The petition was filed in the United States District Court for the Eastern District of Virginia, and by order dated May 10, 1973, was transferred to this court.

Petitioner is currently serving a forty-five year sentence in the Virginia State Penitentiary, pursuant to a judgment of the Albemarle County Circuit Court, imposed on July 19, 1972, for abduction. In addition, petitioner was convicted of rape in the Albemarle County Circuit Court and was sentenced to sixty years in the penitentiary. The conviction resulted after a trial by jury in which the petitioner, represented by court-appointed counsel, entered a plea of not guilty.

Following his conviction, petitioner filed a petition for appeal with the Virginia Supreme Court, which denied and dismissed the petition in an order dated March 9, 1973.

Petitioner makes the following allegations in his petition: 1) that racial discrimination took place in the selection of the jury; 2) that he was a former employee of a member of the jury; 3) that there was no probable cause for his arrest without a warrant; 4) that his confession was illegally obtained as resulting from an illegal arrest; 5) that his sentences constituted cruel and unusual punishment; 6) that certain items were obtained as the result of an illegal search and seizure.

 Allegations three, four and six were all raised at trial and were made a part of the assignments of error and petition of appeal filed in the Virginia Supreme Court. Therefore it may be said that with respect to these allegations, petitioner has exhausted his state remedies as required by 28 U.S.C. § 2254. Reyes v. Slayton, 331 F.Supp. 325 (W.D. Va.1971). However, allegations one, two and five have never been previously raised in any state court, either at trial or on appeal, nor have they been raised by habeas petition. Therefore, there has been no exhaustion of available state court remedies with regard to these allegations, demonstrating a failure to comply with the provisions of 28 U.S.C.A. § 2254. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1963). Accordingly, these allegations are dismissed for failure to exhaust state remedies.

Looking to the merits of the allegations, the court notes that petitioner alleges that he was tried by an all-white jury, but nowhere does he allege that this was result of a deliberate and systematic policy of racial exclusion. The Supreme Court has held that both grand and petit juries must be drawn from a representative cross-section of the community. Carter v. Jury Commission, 396 U.S. 320, 330, 90 S.Ct. 518, 24 L.Ed.2d 549 (1970). The Supreme Court in Alexander v. Louisiana, 405 U.S. 625, 628, 92 S.Ct. 1221, 1224, 31 L.Ed.2d 536 (1972) stated:

> Although a defendant has no right to demand that members of his race be included on the grand jury that indicts him, Virginia v. Rives, 100 U.S. 313, 25 L.Ed. 667 (1880), he is entitled to require that the State not deliberately and systematically deny to members of his race the right to participate as jurors in the administration of justice. Ex parte Virginia, 100 U.S. 339, 25 L.Ed. 676 (1880); Gibson v. Mississippi, 162 U.S. 565, 16 S.Ct. 904; 40 L.Ed. 1075 (1896). Cf. Hernandez v. Texas, 347 U.S. 475, 74 S.Ct. 667, 98 L.Ed. 866 (1954).

██ In the present case petitioner has no right to demand that members of his race be included on the petit jury, although he does have the right not to have them deliberately and systematically excluded from the jury lists from which the panels are eventually drawn. There is no evidence here of any arbitrary and systematic racial exclusion of jurors from the pool out of which juries are eventually drawn. Therefore, the allegation is without merit.

█ Petitioner alleges that he was a former employee of a member of the jury. However, since no objection was made at the time of the trial and there is no indication that this was prejudicial, this allegation is without merit and not proper for a habeas claim.

█ Petitioner alleges that his sentences constitute cruel and unusual punishment. However, his sentences are within the limits of the law and they were imposed after a fair trial by a jury of his peers. Therefore, the court finds petitioner's allegation to be without merit.

Allegations three, four and six all relate to evidentiary matters that stem from an alleged arrest without probable cause and without a warrant. Petitioner

**578**

alleges that his confession was illegally obtained and that evidence was obtained through an allegedly illegal search and seizure.

 Petitioner alleges that he was arrested without probable cause and without a warrant. However, this court notes that the evidence indicates that there was probable cause for his arrest. The other participant in the rape, William Kyle, was positively identified by one of the victims as the rapist, and petitioner was last seen with Kyle. The victim also gave a description which fit the description of petitioner and identified a knit shirt and wide leather watch band, which petitioner was wearing when he was arrested. Petitioner also gave an alibi to the arresting officers which was contrary to the information received from other witnesses. This court is of the opinion that sufficient cause existed for an arrest without a warrant, since a law enforcement officer may lawfully arrest, without a warrant, for a felony or upon "reasonable suspicion" that a felony has been committed by the arrested person. Muscoe v. Commonwealth, 86 Va. 443, 10 S.E. 534 (1890); Byrd v. Commonwealth, 158 Va. 897, 164 S.E. 400 (1932). The court notes that a warrant was obtained two hours after the arrest. There was certainly probable cause for an arrest in this instance. Accordingly, this allegation is dismissed as being without merit.

Petitioner alleges that his confession was illegally obtained. However, he gives no facts in support of this conclusion of law. Petitioner admits to making certain incriminating statements to the authorities subsequent to his arrest. However, there is no indication that they were coerced or that petitioner was not advised of his rights. Petitioner had the right to an attorney and the right to remain silent. If he chose to voluntarily make incriminating statements to the authorities, he cannot now use such a confession as grounds for habeas relief. Accordingly, this allegation is dismissed as being without merit.

Petitioner also alleges that certain items were obtained as the result of an illegal search and seizure. These items were petitioner's hair and articles of clothing, which were introduced into evidence at trial. Petitioner contends that the evidence and also his incriminating statements were the result of an illegal arrest without a warrant, and were therefore inadmissible in court. This court does not agree. The search and seizure was pursuant to a lawful arrest and the evidence gathered was therefore admissible in court. Therefore, the court dismisses this allegation as being without merit.

Accordingly, it is ordered that the petition for a writ of habeas corpus be dismissed and the relief denied. This dismissal is without prejudice to the refiling of a petition on the claims not adjudicated here after exhaustion of state remedies.