**Byron COLE a/k/a Byron Coleman, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 92–CF–1407.

District of Columbia Court of Appeals.

Argued May 21, 1996.

Decided June 13, 1996.

Martha J. Mullen, for appellant.

John Moustakas, Assistant United States Attorney, Washington, DC, with whom Eric H. Holder, Jr., United States Attorney, and John R. Fisher, Thomas J. Tourish, Jr., and Heidi M. Pasichow, Assistant United States Attorneys, were on the brief, for appellee.

Before FERREN, STEADMAN, and FARRELL, Associate Judges.

FARRELL, Associate Judge:

Appellant, found guilty by a jury of (among other things) first degree murder while armed and armed kidnapping, argues primarily that show-up identifications of him as the assailant should have been suppressed as the fruit of his arrest in Maryland, in purported violation of Maryland and District of Columbia statutes governing "fresh pursuit" and arrest of a felon in another state. We affirm.

The District of Columbia permits its police officers to pursue suspects beyond the District into surrounding jurisdictions when the laws of those jurisdictions authorize such continued pursuit by District officers. D.C.Code §§ 23–581(b), –901 (1989). Maryland, in turn, has authorized such pursuit by District officers in its own Fresh Pursuit Act, which provides:

> Any member of a duly organized state, county or municipal peace unit of another state of the United States who enters this State in fresh pursuit, and continues within this State in such fresh pursuit, of a person in order to arrest him on the ground that he is believed to have committed a felony in such other state, shall have the same authority to arrest and hold such person in custody, as has any member of any duly organized State, county or municipal peace unit of this State, to arrest and hold in custody a person on the ground that he is believed to have committed a felony in this State.

Md. Ann. Code Art. 27, § 595 (1992). The Maryland statute explains that the term "[f]resh pursuit ... shall not necessarily imply an instant pursuit, but pursuit without unreasonable delay." *Id.* § 599; *accord,* D.C.Code § 23–903.

■ In determining the legality of appellant's arrest we apply the law of the jurisdiction in which it was made. *See Hutchinson v. State,* 38 Md.App. 160, 380 A.2d 232, 235 (1977) (applying the District of Colum-

bia's Uniform Act on Fresh Pursuit to an arrest by Maryland police in the District of individual suspected of committing a felony in Maryland); *Boddie v. State,* 6 Md.App. 523, 252 A.2d 290, 294 (1969) (same). *See also Jackson v. United States,* 404 A.2d 911, 918 n. 10 (D.C.1979) (citing *Hutchinson* and positing in dictum that if this court had found that District officers had arrested appellant in Maryland, it "would have applied Maryland's law in respect to extradition because the legality of an arrest must be determined by the law of the jurisdiction in which the arrest was made"). To constitute fresh pursuit under the Maryland statute, a chase need not be "bumper-to-bumper," *Swain v. State,* 50 Md.App. 29, 435 A.2d 805, 810 (1981); rather, it is one the police commence "upon receiving information sufficient to make a pursuit possible," and the pursuit is then valid if "the police act continuously, without interruption from the beginning of their response." *Id.* 435 A.2d at 810, 811. In short, it is a pursuit conducted "from clue to clue in a diligent manner." *Id.* 435 A.2d at 811.

■ Applying these standards, we have no doubt that appellant's arrest comported with the Maryland statute. Approximately twenty minutes elapsed from the time District police received radio descriptions of the suspects in a District shooting, as well as the vehicle they were driving (a red and white Suzuki jeep), until appellant's arrest over the District line in Prince George's County. During that time, the District police gathered additional information and relayed that information to units in the field, who arrested appellant as he attempted to hide behind a tree near the abandoned Suzuki jeep; he matched the clothing description of one of the assailants. The trial court concluded, and we agree, that the police had probable cause to arrest appellant[1] and that his apprehension was part of a diligent, uninterrupted pursuit. Maryland law, as set forth in *Swain, supra,* is in keeping with the general principle that while "pursuit must be continuous and uninterrupted, [ ] there need

---

**1.** We therefore need not consider whether a detention of appellant without probable cause under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20

L.Ed.2d 889 (1968), in order to permit a show-up identification, would have comported with the Maryland statute.

not be continuous surveillance of the suspect or uninterrupted knowledge of his whereabouts." *Arnold v. Charnes,* 41 Colo.App. 338, 589 P.2d 1373, 1374 (1978) (en banc). *See also Glover v. State,* 88 Md.App. 393, 594 A.2d 1224, 1228 (1991); *Reyes v. Slayton,* 331 F.Supp. 325, 327 (W.D.Va.1971) (recognizing importance of "unbroken search"). The identification of appellant shortly afterwards as the gunman was therefore properly admitted into evidence.[2]

It appears that two of appellant's murder convictions must be vacated on remand as duplicative. In all other respects, the judgments of conviction are

*Affirmed.*

**2.** We have considered, and reject, appellant's remaining arguments that the trial judge abused her discretion in refusing to give a missing evidence instruction and in allowing the trial to continue after the deputy medical examiner, then a witness, was pressed into momentary first-aid assistance when a juror fainted during a recess.