# Richmond

CLARENCE KIDD CALLANDS V. COMMONWEALTH OF VIRGINIA.

October 9, 1967.

Record No. 6546.

Present, Eggleston, C.J., Buchanan, Snead, I'Anson, Carrico and Gordon, JJ.*

*Joseph L. Lyle, Jr.; Richard E. Payne* for plaintiff in error.

*M. Harris Parker, Assistant Attorney General (Robert Y. Button, Attorney General; Anthony F. Troy, Special Counsel, on brief); for defendant in error.

---

*Justice Spratley, prior to the effective date of his retirement, participated in the hearing and concurred in the disposition of the case.

BUCHANAN, J., delivered the opinion of the court.

In the early morning of January 17, 1966, a cigarette vending machine belonging to Lynchburg Vending Company was stolen from the premises of the Holiday Inn, in the city of Lynchburg. A guest of the Inn, awakened by the noise at about 5:30 a.m., saw two men placing an object in the trunk of a 1959 cream-colored Chevrolet automobile. The guest called the manager, who observed the Chevrolet going out of the parking lot without any lights and faster than normal. There was a large object sticking out of the back of the car so the lid of the trunk would not close.

The manager called police headquarters and city police officers Fowler, Tribble and Bagby set out in a patrol car in search of the Chevrolet. Eventually they crossed a bridge into Amherst county, which adjoins the city of Lynchburg. Not having seen the Chevrolet, they turned and came down the expressway south towards the city to a point near the Carter Glass Bridge which connects Lynchburg and Amherst county. There the Chevrolet, which had come across the bridge, passed them going north. The officers followed and stopped the Chevrolet. The defendant was driving it and there was another person with him in the front seat. The stolen vending machine was in the trunk of the car. The defendant and his companion were then arrested and placed in the Lynchburg jail.

Later that morning, January 17, 1966, Sergeant Snow, of the Lynchburg police, talked with defendant in the jail and defendant then denied that he was guilty of the theft of the vending machine. Thereafter, however, on February 8, 1966, defendant sent a request to Sergeant Snow to come to the jail to see him. In response Snow, a few hours later on the same day, visited the defendant in the jail and the defendant then stated to him that on the morning of January 17, 1966, he and Lorenzo Booker went to the Holiday Inn about 5:45 a.m. and took a cigarette machine from the archway at the south end of the Holiday Inn, placed it in the trunk of his Chevrolet car and drove away with it; that they tried to find a place where they could break open the machine but were unable to do so and they were going on north with defendant driving when they were stopped and arrested by the police officers.

Two attorneys were duly appointed and represented the defendant both on his preliminary hearing and at his trial in the Circuit Court, which occurred on March 9, 1966. A jury heard the evidence, found

the defendant guilty of grand larceny, a felony (Code § 18.1-100), and fixed his punishment at five years in the penitentiary. He was sentenced accordingly and the case is before us on a writ of error.

[1] Defendant contends, first, that his arrest was illegal, in that it was made by Lynchburg officers in Amherst county, and hence that evidence obtained thereby was inadmissible under the doctrine of *Mapp* v. *Ohio*, 367 U.S. 643, 81 S.Ct. 1684, that "all evidence obtained by searches and seizures in violation of the Constitution is, by that same authority, inadmissible in a state court."

A sufficient answer to this contention is that the arrest was not illegal, but was legal. It was authorized by the statutes of the Commonwealth. Section 15.1-138 of the Code provides that members of the police force of cities and towns of the Commonwealth are invested with all the power and authority which formerly belonged to the office of constable at common law in enforcing the criminal laws of the Commonwealth; and § 15.1-141 provides that the jurisdiction of the corporate authorities of each town or city in criminal matters shall extend one mile beyond the corporate limits of such town or city. The jury could conclude from the evidence that this arrest was made within one mile of the corporate limits of the city of Lynchburg. Defendant's brief states that defendant passed the officers' car at a point about one-fourth mile into Amherst county and that the arrest occurred "approximately one mile into Amherst County."

Aside from this, § 19.1-94 of the Code gave full authority to the officers to make this arrest. That section provides in pertinent part that the authority of any officer of any city authorized by law to make arrests "shall extend throughout the State when in close pursuit of a person sought to be arrested on the ground that such person has committed a felony in this State, even though no warrant has been issued."

These officers were seeking to arrest the persons who had committed the felony of stealing the vending machine. They had a description of the automobile in which the machine was carried away. An automobile answering that description passed the officers within a quarter of a mile of Lynchburg. They were then within the criminal jurisdiction of the city. As soon as possible the officers turned their car and started in pursuit. They overtook the suspects in a short time and distance and made the arrest, finding the stolen property in the car driven by the defendant. "Close pursuit" is a relative term and has reference to time or distance, or both, depending on the facts

of the case. Here the pursuit began as quickly as the officers could turn around after the Chevrolet passed them and they overtook it at a point described as being "a mile or so" from where they first saw it. We hold that the officers were in close pursuit and accordingly were authorized by law to make the arrest.

[2] Defendant claims next that it was error to admit his confession in evidence, his main argument being that it was made in the absence of his counsel and because an officer told him it would be easier on him. The circumstances were fully investigated by the court in the absence of the jury and the confession made to Sergeant Snow referred to above was found to be voluntary before it was admitted in evidence before the jury. See *Mathews* v. *Commonwealth*, 207 Va. 915, 918, 153 S.E.2d 238, 240. The evidence adduced on this investigation was as follows:

Snow testified that before he talked to the defendant in jail on January 17, 1966, the day of his arrest, he explained to the defendant that any statement he made could be used against him and that he was entitled to have a lawyer. On that occasion defendant denied that he was guilty. Snow then told him if he changed his mind and wanted to tell the truth about it he could call him.

On February 8, some three weeks later, defendant told the deputy sergeant in charge of the jail that the man involved with him was trying to put the whole thing on him; that he, defendant, had not told the truth about it and he asked the jailer to call Sergeant Snow and ask him to come to the jail, that he wanted to see him.

In response to the call, Sergeant Snow came that day. Snow testified that before talking to defendant he reminded him that he had previously advised him of his rights and was telling him again that he did not have to make any statement, that if he did it could be used against him, and defendant replied, "Yes, I know what my rights are." Snow asked him if he had been assigned an attorney and defendant replied that he had been told that an attorney was to be assigned to him but that none had been to see him yet, and then stated, "I want to tell the straight thing about this, make a clean confession of it and tell the truth." The record shows that at the written request of the defendant, counsel had been appointed for him on January 31, 1966, to represent him at his preliminary hearing, which was held on February 24, 1966, and the same two attorneys were appointed by the Circuit Court on March 7, 1966, to defend him on

the indictment for grand larceny which was then pending in that court.

The defendant, called by his counsel to testify in his own behalf, stated that he had gone to school only through the third grade and that on his application for jobs he had been turned down four or five times for lack of education. It was shown, however, that from 1948 to 1954 he had been convicted and sentenced to the penitentiary four or more times. He testified that before he made the confession Sergeant Snow told him that "this other fellow" was trying to put something over on him and that "if I told him the things about it that he could talk to somebody and chances are that I would make probation and be free. And I told him that I hadn't talked with any lawyer or anything and under those grounds I was willing to make probation." He admitted that Snow told him he had a right to have a lawyer and that he did not have to make a statement, but he said that Snow had said that if he did it would be easier on him.

Snow testified emphatically that he made no promise of any kind to the defendant, and specifically that he did not tell him it would be easier on him if he would make the statement.

The court ruled that the statement made by the defendant to Snow was voluntarily made at defendant's own request and was admissible in evidence. We agree with that conclusion. No reason appears in the record to require that the testimony of Snow be disbelieved. The testimony of the defendant corroborated Snow's statement in important particulars and otherwise falls short of establishing any overreaching or unfair means employed to secure defendant's statement. The conditions here are very different from those in *Cooper* v. *Commonwealth*, 205 Va. 883, 140 S.E.2d 688, relied on by defendant. This defendant was not unacquainted with court procedures. He had been before the court on four previous occasions. He had been told of his right to an attorney and he said he knew what his rights were, but he brushed that aside and said he wanted to tell the truth.

As was said in *Ward* v. *Commonwealth*, 205 Va. 564, 572, 138 S.E.2d 293, 299, "Certainly there is no rule of law which requires an arresting officer to close his ears to voluntary statements made by a person in his presence." See also *Hammer* v. *Commonwealth*, 207 Va. 135, 145, 148 S.E.2d 878, 883.

We stated in *Cooper* that we did not there say that in all cases counsel must be present when a confession is made in order to make it admissible, but that each case must be judged on its own particular

facts. *Cf. Jordan* v. *Commonwealth*, 207 Va. 591, 597, 151 S.E.2d 390, 395.[1]

[3] Finally, defendant contends that the court erred in permitting two officers to testify before the jury that during the hearing before the court on the question of the admissibility of the confession defendant had admitted his part in the larceny and the truth of his confession. The circumstances were these:

After defendant, in the absence of the jury and as a witness for himself, had testified that his confession was induced by Snow's promise to make it easier on him, he stated on cross-examination that that was the reason he requested Snow to come to the jail. He was then asked if what he told Snow was not the truth, and he replied, "I wouldn't say it was the truth." Defendant's counsel thereupon said to the court, "If Your Honor please, the truth or falsity of it is irrelevant in a voluntary matter, I think." The court replied that the question was material and that the examination could proceed. There was no exception taken to this ruling. Defendant was then asked whether he told Snow anything that was not the truth and he replied, "I told him just what he said I told him." On further questioning he admitted that he and Booker did take the machine from the Holiday Inn. Thereafter the jury returned to the courtroom and Snow testified as to defendant's statement to him on February 8 as set forth above. Snow was then asked by the Commonwealth's attorney whether he heard the defendant admit, in the jury's absence, that he had a part in taking the cigarette machine, and he replied that the defendant then stated that he had a part in it. No objection was made to this statement. The jailer then testified, without objection, that he also heard the defendant admit the truth of his statement to Snow. Thereupon defendant's counsel stated to the court: "If Your Honor please, we will stipulate that the defendant admitted that his confession was true on the stand. We can save some time."

The Commonwealth then rested its case, defendant announced that he offered no evidence, the jury retired and defendant then made a motion to strike the Commonwealth's evidence on the grounds (1) that the arrest was illegal; (2) that the confession was not admissible; and (3) that without these two elements there was not sufficient evidence to convict defendant. The motion was argued and at the end of the argument defendant's counsel stated: "I would just like

---

[1] Defendant was tried on March 9, 1966, so the requirements of *Miranda* v. *Arizona*, 384 U.S. 436, 86 S.Ct. 1603, decided June 13, 1966, are not applicable to this case. *Johnson* v. *New Jersey*, 384 U.S. 719, 721, 86 S.Ct. 1772, 1775.

to renew the—I know the Court's ruling on it but for the purpose of the record I want to state that objection is made to the testimony of parties in this courtroom who heard the defendent make an admission on the stand, which I think that should properly have been clothed with the protection which we invoke in his behalf. And we of course also object to the testimony of Sgt. Snow as to the confession itself."

The court overruled the objection, the jury returned to the courtroom, received its instructions from the court and afterwards returned its verdict.

The testimony of the two witnesses for the Commonwealth that the defendant in the course of testifying on the admissibility of his confession had admitted the truth of the confession was improper and should not have been allowed if proper objection had been made. The cross-examination should have been limited to the question of whether defendant's confession was voluntary. *Enoch* v. *Commonwealth*, 141 Va. 411, 428-31, 126 S.E. 222, 227-28.

Rule 1:8 of Rules of Court requires that objections to the admissibility of evidence shall state with reasonable certainty the ground of the objection and unless so stated will not be considered except for good cause shown or to attain the ends of justice. In order to have a question reviewed on appeal, " 'objection to the trial court's ruling must be made and exception taken at the time the occasion arises, otherwise the point is waived.' " *Russo* v. *Commonwealth*, 207 Va. 251, 257, 148 S.E.2d 820, 825.

Not only was there no timely objection made and exception taken to the evidence now complained of, but, as noted, it was stipulated before the jury that the defendant admitted that his confession was true.

The confession itself was clearly admissible. Its truth was not in anywise assailed and it alone, without any statement by the defendant that it was true, was sufficient to establish defendant's guilt with respect to the larceny proved by the other evidence to have been committed. The ends of justice do not require that in this case we ignore the requirement that failure to object and to except to the admission of evidence results in a waiver of the point.

We find no reversible error and the judgment below is

*Affirmed.*