## CIRCUIT COURT OF THE CITY OF NORFOLK

Elizabeth D. Luster

v.

Joseph W. Isaac

April 22, 1987

Case No. (Law) L84-98

By JUDGE CHARLES R. WATERS, II

The issue is whether the court erred in granting a motion in limine on the morning of this jury trial, and whether a mistrial should therefore be granted.

For reasons mentioned herein, I do not believe that error was committed.

On the morning of trial, defense counsel moved that the issues in the malpractice case be limited to matters involving whether the defendant had obtained the necessary informed consent of the plaintiff prior to performing a tubal ligation.

A copy of the required notice to the health care provider dated March 31, 1983, is attached hereto and made a part hereof.

Section 8.01-581.2 Code of Virginia, 1950, as amended states in pertinent parts:

> The written notification shall include the time of the alleged malpractice and a reasonable description of the act or acts of malpractice. The claimant or health care provider may within sixty days of such notification file a written request for a review by a medical malpractice review panel established as provided in Section 8.01-581.3.

Rule One (a) of the Medical Malpractice Rules of Practice states in pertinent part:

> These Rules. . . shall govern all formal proceedings instituted pursuant to the provisions of Chapter 21.1 of Title 8.01 with respect to the activities of a duly constituted Medical Malpractice Review Panel.

Rule Two (a) states in pertinent part:

> The notice shall contain a reasonable description of the act or acts of malpractice asserted.

Rule Two (b) states in pertinent part:

> Any objection to the adequacy of reasonableness of the notice of claim must be stated in writing by the health care provider by notice in writing to the claimant within 30 days after receipt of the notice of claim. Otherwise, any such objections shall be deemed waived.

On the morning of trial, outside of the presence of the jury, the motion in limine was argued by counsel. Plaintiff's counsel did not mention Rule Two (b) and did not argue that the defendant had waived any objection to the adequacy or reasonableness of the notice, but instead argued that the notice was adequate to proceed on the theory that the defendant was negligent in performing the surgical procedure by failing to place the fallope ring at the proper location on the fallopian tubes.

The motion in limine was granted, and plaintiff's counsel duly noted his objection.

On the morning of the second day of this jury trial, and during argument on the defendant's motion to strike, plaintiff's counsel moved for a reconsideration of the court's earlier ruling granting the motion in limine or, in the alternative for a mistrial, citing for the first time Rule Two (b) and arguing for the first time that the defendant had waived its objection to the reasonableness or adequacy of the notice by failing to object in

writing within thirty days after receipt of the notice of claim.

The motion to strike the plaintiff's evidence was granted, and the court allowed briefs and argument on the plaintiff's motion to reconsider, or in the alternative, to grant a mistrial.

At no time during the proceedings did plaintiff's counsel move for a continuance, move for a nonsuit, or move for leave to file a new or amended notice of claim.

The plaintiff's theory of negligence is that the physician violated the pertinent standard of care "in that the fallope ring, among other things, was not placed in the isthmus section of the fallopian tubes, but was placed in the ampulla section of the fallopian tube." Brief of Plaintiff, p. 11.

It was admitted by counsel at oral argument that the defendant could not have known of the nature of this claim until the statutory time period for requesting a review panel had expired. But, contends plaintiff's counsel, the plaintiff was still pregnant at the time the notice of claim was given, making it impossible at the time to determine the specific act or acts of malpractice, and, in any event, the first sentence of the notice was sufficient notice under the statute. Furthermore, the plaintiff's counsel contends that the defendant waived its objection by failing to comply with Rule Two (b).

The first sentence of the notice of claim states:

Notice is hereby given pursuant to Virginia Code Section 8.01-581.2 of the claim of Elizabeth D. Luster for your negligence in a sterilization procedure performed by you upon her.

The remainder of the notice states facts sufficient only to raise a claim of failure to obtain informed consent.

The first sentence does not, in my opinion, reasonably describe the at or acts of malpractice complained of within the mandate of Section 8.01-581.2. Indeed, as counsel admits, because of the fact that the plaintiff was still pregnant at the time of the notice, the act or acts of malpractice were still unknown except in the most general sense. Certainly, one of the purposes of Section 8.01-581.2 is to give the health care provider information upon

which to make an intelligent decision on whether to request a panel. The notice set forth with precision a claim for failure to obtain informed consent, but the true nature of the plaintiff's case was not known to the defendant until long after he could request the panel. The plaintiff could have filed a new or amended notice once the act or acts of malpractice became known but failed to do so.

I believe that the notice requirements of the statute are mandatory and a condition precedent to the successful prosecution of a malpractice action. The notice, I conclude, was only sufficient to support an action based upon lack of informed consent.

Did the defendant waive his objection to the adequacy or reasonableness of the notice by failure to comply with Rule Two (b)?

First: In my opinion, Rule Two (b) applies only to proceedings with respect to the activities of a duly constituted Medical Malpractice Review Panel, *Rule One (a)*, *supra*, and since no panel was requested, does not apply here.

Second: The notice, in my opinion, contained nothing to which the defendant could object; therefore there could be no waiver. The notice set forth a reasonable description of acts which established a failure to obtained informed consent and nothing more. The defendant could not object to something of which he had not been notified.

Third: Regardless of the applicability of Rule Two (b), the plaintiff's waiver argument came too late. This was not a chancery cause or a nonjury action of law. By the time plaintiff raised Rule Two (b), the jury had heard all of the evidence on the issues of informed consent, the plaintiff had rested, and arguments had begun on the motion to strike. Even if error had been committed on the court's initial ruling, it was too late to correct the error. The court could do nothing then, and can do nothing now, but empanel another jury and begin anew, which, under the circumstances, I decline to do.

Counsel must make timely objection or suffer the consequences. *Callands v. Commonwealth*, 208 Va. 340 (1967); *Russo v. Commonwealth*, 207 Va. 251 (1966); *Horner v. Holt*, 187 Va. 715 (1948); *Price v. Commonwealth*, 213 Va. 113 (1972); *Brown v. Commonwealth*, 208 Va. 512 (1968). *See also* Rule 5:25; Rules of the Supreme Court of Virginia;

*Harlow v. Commonwealth,* 195 Va. 269 (1953); *Read v. Commonwealth,* 210 Va. 369 (1969); *Gooch v. City of Lynchburg,* 201 Va. 172 (1959).


APPENDIX

March 31, 1983

Dr. Joseph W. Isaac
549 E. Brambleton Avenue
Norfolk, Virginia 23510

Re:  Elizabeth D. Luster v. Joseph W. Isaac, M.D.
Notice pursuant to Section 8.01-581.2 of the
Code of Virginia of 1950

Dear Dr. Isaac:

Notice is hereby given pursuant to Virginia Code Section 8.01-581.2 of the claim of Elizabeth D. Luster for your negligence in a sterilization procedure performed by you upon her. In March of 1982, Mrs. Luster came to your office requesting a sterilization procedure. At that time, you advised her to be sure she wanted the procedure to be done as thereafter she could have no more children. Mrs. Luster advised you that she had two children, at that time they are 11 years of age and two years of age. Mrs. Luster further advised that she and her husband did not wish any more children as they could not afford to properly raise them.

At the time of her being treated by you, Mrs. Luster asked you what procedure you used as she had been told by another lady that it was possible to get pregnant after having the procedure. You told Mrs. Luster that it was "an old wives tale" that she could get pregnant in 7 years, that the procedure you used was a good procedure, was a good a procedure as any used, that you didn't "burn" tubes as this was a procedure which after being received by the patient, the patient did not feel good.

You performed a sterilization procedure upon Mrs. Luster on March 26, 1982, at Norfolk Community Hospital.

At that time Champus paid $345.00 of her costs, and Mrs. Luster and her husband had to pay $252.00.

On September 22, 1982, Mrs. Luster was of the opinion that she was pregnant. She went to the Sewells Point Navy Outpatient Facility and was advised that she was 8 weeks along in her pregnancy. Mrs. Luster came to see you at which time you asked to examine her. She agreed for you to examine her, and did examine her and advise that she was pregnant. At that time, you offered her an abortion. Mrs. Luster refused the abortion and she does not believe in them.

Mrs. Luster has had a very difficult pregnancy. At this time she is in a delivery period. When the child is delivered, I will further advise you as to the condition of Mrs. Luster and the condition of the child after delivery.

I recommend that you forward this letter to your insurance carrier.

Very truly yours,
Kelberg and Childress

/s/ CalvinH. Childress

Calvin H. Childress

CHC:ded
Certified Mail, Return Receipt Requested