### Alexandria

GREGORY S. NEISS

v.

COMMONWEALTH OF VIRGINIA

No. 0214-92-4

Decided July 27, 1993

COUNSEL

Jerry M. Phillips (Phillips, Beckwith & Hall, on brief), for appellant.

Michael T. Judge, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—Gregory S. Neiss appeals his conviction for driving while intoxicated. He contends that his arrest was unlawful because it was outside the limits of Fairfax City and, therefore, the blood-alcohol test results obtained from the unlawful arrest should not have been admitted as evidence. The trial court held that the arrest was lawful and, thus, the test results were admissible because the Fairfax City police officer had authority to pursue and arrest Neiss beyond the limits of Fairfax City under the "escape, flight and pursuit" exception to the jurisdictional limitation on an officer's authority to arrest. We hold that the blood-alcohol test results were not illegally obtained, and, thus, we affirm Neiss' conviction.

On May 18, 1991, at approximately 10:00 p.m., in Fairfax City, police officer Randy L. Corpening observed a motorcycle enter the highway from a parking lot without stopping or yielding to oncoming traffic. The motorcycle was operated by Gregory Neiss. The officer estimated that Neiss was driving in excess of forty-five miles per hour in a thirty-five mile per hour zone.

Officer Corpening determined that Neiss had committed a traffic infraction, which is a misdemeanor, by failing to stop before entering a highway with a vehicle approaching at five hundred feet. Corpening pursued Neiss with the siren and lights activated on his police cruiser.

The officer was not able to overtake Neiss immediately; he ended up following Neiss out of Fairfax City into Fairfax County. Neiss did not stop his motorcycle until he had traveled approximately one and one-half miles from where Officer Corpening had first observed him in Fairfax City.

After the officer stopped Neiss, the officer noticed the odor of alcohol. He asked Neiss whether he had been drinking. Neiss answered that he had consumed three beers. The officer placed Neiss under arrest for driving while intoxicated and informed him of the implied consent law. Neiss opted to take a blood test. Officer Corpening transported Neiss to the Fairfax County Detention Center where a blood sample was taken, the analysis of which established that Neiss' blood alcohol content was 0.12 percent, weight by volume.

A uniformed police officer displaying a badge of office may arrest, without a warrant, any person who commits any crime in his presence. Code § 19.2-81. However, "the power of a policeman to make an arrest by virtue of his office is subject to well-recognized territorial limits." *Banks v. Bradley*, 192 Va. 598, 603, 66 S.E.2d 526, 529 (1951). A police officer may act only within the jurisdictional limits that the officer serves or within a statutorily prescribed distance from the jurisdictional limits. *Id.* Code § 19.2-249 provides that a police officer may arrest in an adjacent jurisdiction if the arrest takes place within three hundred yards of the jurisdictional boundary.[1]

Notwithstanding the jurisdictional restrictions of Code § 19.2-249, a police officer has the authority to arrest an individual, with or without a warrant, beyond three hundred yards into the adjoining jurisdiction if, under the circumstances, the "escape, flight and pursuit" exception to the jurisdictional limitation applies. Code § 19.2-249. Under Code § 19.2-77, a police officer may arrest a person anywhere within the Commonwealth, if the officer is in "close pursuit" of the person, and the person is fleeing from an officer attempting to make an arrest or is escaping police custody.[2] The term,

---

[1]  If, however, the town or city is situated within a county having a population density of three hundred or fewer inhabitants per square mile, or if the county is adjacent to a town or city with a population of less than 170,000, the jurisdiction of a county, city or town shall extend to one mile beyond its boundaries for the purpose of effecting an arrest. Code § 19.2-250.

[2]  Code § 19.2-77 provides:

Whenever a person in the custody of an officer shall escape or whenever a person shall flee from an officer attempting to arrest him, such officer, with or without a warrant, may

"close pursuit," is not defined by statute. "Close pursuit" is a relative term which depends upon time and distance and which must be determined by examining the particular facts of each case. *Callands v. Commonwealth*, 208 Va. 340, 342-43, 157 S.E.2d 198, 201 (1967).

The trial judge found that Corpening had lawfully pursued and arrested Neiss in Fairfax County. Corpening saw Neiss commit a misdemeanor traffic violation in Fairfax City. "For purposes of arrest, traffic infractions shall be treated as misdemeanors." Code § 46.2-937. Corpening had authority to arrest Neiss without a warrant for a misdemeanor traffic infraction committed in his presence. Code § 19.2-81. *See also* Code § 46.2-936 (authorizing issuance of summons in lieu of arrest for traffic infraction). As soon as Corpening observed Neiss commit the traffic infraction, the officer activated his police car emergency equipment and pursued Neiss in an attempt to arrest him or issue him a summons. Corpening overtook Neiss and followed him into Fairfax County, approximately one and one-half miles from where Neiss had committed the misdemeanor. At that point, Neiss stopped his motorcycle and pulled over. The facts support the trial judge's ruling that Officer Corpening was attempting to arrest Neiss and that he was in close pursuit of Neiss during that attempt. *See Callands*, 208 Va. at 342-43, 157 S.E.2d at 201 (officers were in "close pursuit" where they began pursuit of suspects immediately upon spotting them and overtook them within a short period of time and distance, i.e., approximately one mile).

■ Neiss contends that, even if Corpening was attempting to arrest him, the "hot pursuit" exception does not apply because he was not "fleeing from an officer." He argues that because the trial judge specifically found that he was not "speeding to elude" Officer Corpening, the judge necessarily found that he was not attempting to flee or escape, and, thus, Officer Corpening was not in pursuit of a person attempting to flee or escape as provided by Code § 19.2-77. We do not agree. The fact that Neiss was not speeding or was not driving so as to elude Officer Corpening does not mean that he was not fleeing from Officer Corpening. Under the facts, Neiss disregarded the officer's pursuit and his emergency lights and siren and attempted to find refuge beyond the officer's jurisdiction. His failure to heed the officer's lights and siren constituted flight from an attempt to arrest. Code § 19.2-77 authorizes an officer to pursue and arrest an individual

pursue such person anywhere in the Commonwealth and, when actually in close pursuit, may arrest him wherever he is found.

beyond the officer's jurisdiction "whenever a person shall flee from [the] officer attempting to arrest him." Proof that the officer was attempting to arrest the suspect and was closely pursuing the suspect satisfies the statutory requirement. *See Callands*, 208 Va. at 342-43, 157 S.E.2d at 201 (Code § 19.1-94, predecessor statute to Code § 19.2-77, did not require proof of suspects' intent to evade arrest, only proof that police officers, in fact, were in close pursuit while attempting to arrest). The evidence supports the trial judge's finding that Officer Corpening was in close pursuit of Neiss, who was fleeing into Fairfax County.

We affirm Neiss' conviction.

*Affirmed.*

Moon, C.J.,* and Willis, J., concurred.

---

\* On May 1, 1993, Judge Moon succeeded Judge Koontz as Chief Judge.