146

# CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

v.

Darren Develle Dixon

April 14, 1997

Case Nos. F-96-3443, M-96-3540

By Judge Donald W. Lemons

The matter before the Court is the Defendant's Motion to Suppress. After hearing evidence and receiving Briefs from the Commonwealth and the Defendant, the Court denies the Motion to Suppress.

On August 1, 1996, the defendant was operating a motor vehicle in the City of Richmond and was observed throwing a drink out the driver's side window. The vehicle then "turned slightly and did a jerking motion, went across the yellow line, then pulled back onto [the] road." The officer pulled the vehicle over, smelled a slight odor of alcohol, gave a field sobriety test, and decided to issue the driver a summons for reckless driving.

After informing the driver, the officer performed a protective sweep of the vehicle in order to determine if any weapons were present. When digging through a pile of papers in the back seat, the officer picked up a small folded piece of paper. The defendant reached into the car and attempted to take this object from the officer. The folded paper was then opened and a substance believed to be heroin was found inside.

Reckless driving is a Class 1 misdemeanor. Va. Code Ann. § 46.2-868. The officer had probable cause to arrest the defendant for reckless driving, a misdemeanor committed in his presence. *See Neiss v. Commonwealth*, 16 Va. App. 807, 810 (1993); Va. Code Ann. § 19.2-81. Once a police officer has

made a lawful custodial arrest of the occupant of an automobile, an officer is authorized to search the vehicle's passenger compartment. *See New York v. Belton*, 453 U.S. 454 (1981); *Pack v. Commonwealth*, 6 Va. App. 434 (1988).

Code § 46.2-936 states that "whenever any person is detained by or in the custody of an arresting officer," after issuing a summons, "the officer shall forthwith release him from custody."

> The summons is a post-arrest document which facilitates prompt release upon a promise to reappear. It shortcuts the requirement that the accused be returned before the issuing authority for the purpose of setting bail, thus minimizing imposition and inconvenience both to the accused and to the arresting officer. This position in the structure of arrest is borne out by the language of the statutes authorizing arrest and the language of Code § 46.2-936. Code § 46.2-936 applies when an accused "is detained by or in the custody of an arresting officer" and refers specifically to an arrest on a warrant. The seizure of the person and the lodging of a charge against him comprise the arrest. The accomplishment of these acts brings into consideration the issuance of a summons. The summons is thereafter prepared and issued.

*Davis v. Commonwealth*, 17 Va. App. 666, 671 (1994).

The initial stop and detention were supported by probable cause. The fact that the officer was going to release the person from custody under the provisions of § 46.2-936 does not negate the fact that the defendant was under arrest. Indeed, while the defendant was still in custody, the officer could have made the determination that the defendant would ignore the summons or the defendant could have refused to sign the summons, thereby requiring the officer to bring the person before a magistrate. *Va. Code Ann.* § 46.2-940.

These facts are similar to *Joe v. Commonwealth*, Rec. No. 1996-93-1 (Va. Ct. App. Jan. 10, 1995). In that case an arrest was made for reckless driving and drugs were found in a subsequent search of the vehicle. The Court of Appeals affirmed the search based on the arrest for reckless driving. *See also White v. Commonwealth*, Rec. No. 2601-95-3 (Va. Ct. App. Mar. 25, 1997) (search of automobile allowed pursuant to an arrest for driving on a suspended operator's license).

Because the search of the vehicle was incident to a lawful arrest, the Motion to Suppress is denied.