COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Coleman and Bumgardner
Argued at Salem, Virginia


ROBERT BRUCE HAMM

MEMORANDUM OPINION* BY
v.    Record No. 1607-98-3    JUDGE RUDOLPH BUMGARDNER, III
SEPTEMBER 28, 1999
CITY OF NORTON


FROM THE CIRCUIT COURT OF WISE COUNTY
J. Robert Stump, Judge

H. Patrick Cline (Cline, Adkins & Cline, on
brief), for appellant.

Timothy W. McAfee for appellee.


Robert Hamm appeals his conviction of driving under the

influence of alcohol.  He argues that the police officer

unlawfully arrested him outside his territorial limit of

authority.  Finding that the arrest was lawful, we affirm the

conviction.

A Norton City police officer observed the defendant driving

erratically within the city limits.  He followed the defendant,

who proceeded outside the city travelling on Route 58.  The

officer did not immediately activate his blue lights once he

developed a reasonable suspicion that the defendant was driving

under the influence because he did not feel it was safe to stop

_____

    * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

the defendant at that point.  When the officer activated his lights, the two had traveled more than one mile outside the city along Route 58, but the location was physically within one mile of the city limits.  The defendant did not stop his vehicle until they had traveled more than one mile from the nearest point in the city limits.

Hoambrecker v. City of Lynchburg, 13 Va. App. 511, 513, 412 S.E.2d 729, 730 (1992), held that Code § 19.2-250 gave municipal police officers the authority to arrest within one mile outside city limits.  The defendant argues that the proper way to measure the one-mile limitation fixed by Code § 19.2-250 is to measure the distance traveled along the route actually taken.  In this case, the defendant and the officer traveled more than one mile past the city limit sign as they proceeded into the county, but on a direct line they were within one mile of the city limits.  After it leaves the city, Route 58 runs along the city limits before turning away from that boundary.

Code § 19.2-250 states that jurisdiction "shall extend . . . one mile beyond the corporate limits of such town or city . . . ."  The meaning is clear; at all points along a corporate limit, jurisdiction extends one mile beyond the limit.  This delineates a perimeter enclosing the city limits that is at all points one mile from the nearest point in the city limits.  The crucial distance is between the point in question and the closest point in the city limits.

-

The defendant does not dispute the officer activated his lights within one mile when measured on the most direct line to the city limits. It does not matter that the route actually traveled extended more than a mile because that route still left the parties within one mile of the nearest point in the city limit boundary line.

The defendant argues that even if the officer activated his lights within one mile, he had to complete the stop within the one-mile area. He argues that Code § 19.2-77 permits an officer to arrest beyond one mile if the defendant is fleeing and the officer is in close pursuit. The defendant argues that he was not fleeing, as required by the statute, because he never increased his speed, took any evasive action, or tried to get away.

Neiss v. Commonwealth, 16 Va. App. 807, 810, 433 S.E.2d 262, 265 (1993), held that proof that the officer was attempting to arrest the suspect and was closely pursuing the suspect satisfies Code § 19.2-77. "The fact that [the defendant] was not speeding or was not driving so as to elude [the officer] does not mean that he was not fleeing from [him]." Id. Close pursuit "is a relative term which depends upon time and distance and which must be determined by examining the particular facts of each case." Id. (citing Callands v. Commonwealth, 208 Va. 340, 342-43, 157 S.E.2d 198, 201 (1967)).

-

The trial court specifically found that the officer was in close pursuit. The officer was directly behind the defendant the entire time that he followed him. The officer observed erratic driving, which gave him justification to stop the defendant, and as soon as it was safe to pull him over, the officer activated his lights. The officer did not complete the stop for another .3 mile, but the facts support the trial court's finding that the officer was in close pursuit. Accordingly, the officer was authorized under Code § 19.2-77 to make the arrest. We affirm the conviction.

Affirmed.

-