COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Kelsey and McClanahan


JOHN BOATWRIGHT, IV

OPINION BY
v.       Record No. 1356-06-2               JUDGE ELIZABETH A. McCLANAHAN
JULY 31, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
Margaret P. Spencer, Judge Designate

(Christopher J. Collins, on brief), for appellant.  Appellant
submitting on brief.

(Robert F. McDonnell, Attorney General; Leah A. Darron, Senior
Assistant Attorney General, on brief), for appellee.  Appellee
submitting on brief.


John Boatwright, IV, was convicted in a bench trial for driving under the influence of

alcohol, in violation of Code § 18.2-266.  On appeal, he contends the trial court erred in denying

his motion to suppress.  He argues the university campus police officer who stopped and arrested

him was outside the officer's territorial jurisdiction, and thus his actions were unlawful.  Because

we find the officer was within a statutorily prescribed distance from the jurisdictional limits of

his service area, we affirm appellant's conviction.

BACKGROUND

The facts are not in dispute.[1]  By order of the Circuit Court for the City of Charlottesville

dated March 7, 2005, campus police officers for the University of Virginia were given

concurrent jurisdiction with the City of Charlottesville police officers, pursuant to Code

---

[1] The following summary of evidence is taken from the parties' statement of facts, which
they submitted in lieu of a transcript pursuant to Rule 5A:8.

§ 23-234. On August 8, 2005, Officer D.J. Stuart, a University of Virginia campus police officer, observed Boatwright driving within the corporate limits of Charlottesville at approximately 2:00 a.m. "Observing Boatwright's vehicle while following it," Officer Stuart saw the vehicle nearly hit the curb twice and straddle the white line separating the forward lane from the turning lane. Upon seeing "the vehicle (still within the City limits) come close to the curb a third time," the officer activated his lights and siren. Although Boatwright obeyed the signal to pull over, he was approximately two hundred yards into Albemarle County when his vehicle came to a stop. The officer detected an odor of alcohol when he approached Boatwright. Boatwright then failed a series of field sobriety tests. Following his arrest, Boatwright registered a 0.16 on his breath test.

Boatwright moved to suppress the evidence obtained as a result of the stop, contending the stop was illegal because it occurred outside of Charlottesville, and thus beyond the officer's territorial jurisdiction. The trial court denied the motion, holding that the officer's jurisdiction extended up to one mile beyond the corporate limits of the city, pursuant to Code § 19.2-250.[2] The trial court subsequently tried and convicted Boatwright of driving while intoxicated.

ANALYSIS

It is undisputed that the corporate limits of Charlottesville were the boundaries designated in the circuit court's March 7, 2005 order granting University of Virginia campus police concurrent jurisdiction with the Charlottesville police. Based on that designation, Boatwright

---

[2] Code § 19.2-250(A) specifically provides, in relevant part, that "the jurisdiction of the corporate authorities of each town or city, in criminal cases involving offenses against the Commonwealth, shall extend within the Commonwealth one mile beyond the corporate limits of such town or city." As we explained in Breitbach v. Commonwealth, 35 Va. App. 604, 607-08, 546 S.E.2d 764, 766 (2001) (quoting Squire v. Commonwealth, 214 Va. 260, 261, 199 S.E.2d 534, 536 (1973)), the purpose of this and similar statutes is "'to prevent the territory contiguous to a city from becoming a refuge for criminals, and to confer on the corporation courts of cities power to enforce the police regulations and law of the area involved.'"

argues Officer Stuart, as a campus police officer, was prohibited from acting outside those limits, unlike other police officers, whose jurisdiction is variously extended by statute beyond their county, city or town. See Code §§ 19.2-249 and 19.2-250. Boatwright thus contends the trial court erred in ruling Stuart lawfully stopped and arrested Boatwright two hundred yards beyond the corporate limits of Charlottesville, in Albemarle County. We disagree.

A police officer may act "within the jurisdictional limits that the officer serves or within a statutorily prescribed distance from the jurisdictional limits." Neiss v. Commonwealth, 16 Va. App. 807, 809, 433 S.E.2d 262, 264 (1993) (citing Banks v. Bradley, 192 Va. 598, 603, 66 S.E.2d 526, 529 (1951)).[3] Pursuant to Code § 23-234, a campus police officer "may exercise the powers and duties conferred by law upon police officers of cities, towns, or counties, and shall be so deemed" upon property owned or controlled by the relevant educational institution, along with certain adjacent areas, including streets and highways. Furthermore, upon circuit court approval, as in this case, campus police officers may be given "concurrent jurisdiction in designated areas with the police officers of the county, city, or town in which the institution . . . [is] located." Id.

In addition to approving the entire City of Charlottesville as the designated area for the concurrent jurisdiction of both the campus and city police officers, the circuit court's March 7, 2005 order provides that "[t]his order shall not limit or affect any other authority conferred upon the University campus police officers within . . . Code § 23-234 or any other provision(s) of law." Accordingly, when stopping and arresting Boatwright, Officer Stuart was clearly authorized to "exercise the powers and duties conferred by law upon [other] police officers of

---

[3] An exception to these jurisdictional restrictions is set forth in Code § 19.2-77, where "the officer is in 'close pursuit' of the person, and the person is fleeing from an officer attempting to make an arrest or is escaping police custody." Neiss, 16 Va. App. at 809, 433 S.E.2d at 264.

- 3 -

cities, towns, or counties," and was to be "deemed" the same. Code § 23-234. This power thus included the authority, like that of the Charlottesville city police, to act "within a statutorily prescribed distance from the jurisdictional limits [of Charlottesville]." Neiss, 16 Va. App. at 809, 433 S.E.2d at 264 (citation omitted) (citing Code §§ 19.2-249 and 19.2-250). Under Code § 19.2-250, that distance extended one mile beyond the corporate limits of Charlottesville, as found by the trial court.[4] That placed Officer Stuart well within this statutorily prescribed distance when he stopped and arrested Boatwright.[5]

For these reasons, we affirm appellant's conviction.

Affirmed.

---

[4] Boatwright does not challenge this finding. As we explained in Neiss,

> [i]f . . . the town or city is situated within a county having a population density of three hundred or fewer inhabitants per square mile, or if the county is adjacent to a town or city with a population of less than 170,000, the jurisdiction of a . . . city or town shall extend to one mile beyond its boundaries for the purpose of effecting an arrest.

Neiss, 16 Va. App. at 809 n.1, 433 S.E.2d at 264 n.1 (citing Code § 19.2-250).

[5] We note that, because of Officer Stuart's designated service area, the area where Boatwright committed the offense and the location of his arrest, the officer's actions were also authorized under Code § 19.2-249. This statute provides, in relevant part, that

> [a]n offense committed on the boundary of . . . a county and city, or within 300 yards thereof, may be alleged to have been committed, and may be prosecuted and punished, in either . . . the county or city, and any sheriff, deputy sheriff, or other police officer shall have jurisdiction to make arrests and preserve the peace for a like distance on either side of the boundary line between such . . . county and city.

Code § 19.2-249.