COURT OF APPEALS OF VIRGINIA


Present:  Judges McClanahan, Beales and Senior Judge Willis
Argued at Salem, Virginia


ROLAND McKINLEY CHRISTIAN, III

MEMORANDUM OPINION[*] BY
v.     Record No. 2468-08-3     JUDGE ELIZABETH A. McCLANAHAN
                                MARCH 23, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROANOKE COUNTY
Robert P. Doherty, Jr., Judge

Melvin L. Hill for appellant.

Craig W. Stallard, Assistant Attorney General (William C. Mims,
Attorney General, on brief), for appellee.


Roland McKinley Christian, III appeals from his convictions for felony eluding and driving

on a suspended license, subsequent offense, and argues the trial court erred in denying his motion to

suppress.  We affirm the judgment of the trial court.

Roanoke County Police Officer D.A. Tribble observed Christian operating his motorcycle

on Cove Road in excess of the speed limit and a high-speed chase ensued.  Officer Tribble followed

Christian onto Peters Creek Road and onto Interstate 581, but lost sight of Christian when Christian

exited the interstate.  Minutes later, Detective Thompson located Christian on Cove Road and

detained him until Officer Tribble arrived.  Officer Tribble placed Christian under arrest and

transported him to the Roanoke County magistrate's office.

Prior to trial, Christian filed a motion to suppress "the arrest" on the grounds Officer Tribble

arrested him in the City of Roanoke, which was outside his jurisdiction as a Roanoke County

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

officer, and because Officer Tribble took him to the Roanoke County magistrate rather than the City of Roanoke magistrate.[1]  The trial court denied the motion, and Christian was convicted in a bench trial of felony eluding and driving on a suspended license, subsequent offense.

Christian seeks redress for what he contends was an unlawful arrest.  But as we pointed out in Arrington v. Commonwealth, 53 Va. App. 635, 638-39, 674 S.E.2d 554, 556 (2009), the proper vehicle for enforcing rights violated by an illegal search or seizure is through suppression of evidence obtained during the search or seizure.  Although Christian filed a motion to suppress, he never identified any evidence he sought to exclude from trial.  In fact, at oral argument before this Court, Christian conceded he was not seeking to suppress any evidence.[2]  Therefore, having identified no evidence to suppress, it was not error for the trial court to deny his motion to suppress.

---

[1] The evidence established the chase took place on the boundary line of Roanoke County and the City of Roanoke and the arrest took place in the City of Roanoke, at least two miles from the county line.  Although Christian relies on Code § 19.2-77 to support his contention Officer Tribble arrested him outside his territorial jurisdiction, that section provides an exception to the statutory jurisdictional restrictions placed upon police officers where the officer is in "close pursuit" of the subject and the subject flees from the officer attempting to make an arrest.  See Boatwright v. Commonwealth, 50 Va. App. 169, 171 n.3, 647 S.E.2d 515, 516 n.3 (2007).  The Commonwealth does not contend this section applies and does not seek application of this exception.  Indeed, as Christian asserts and as the trial court found, this was not a "close pursuit" within the meaning of the statute.  The territorial jurisdiction of the officer is instead set forth in Code § 19.2-249 (not cited by Christian), which allows the officer to make an arrest within 300 yards of the boundary of the county for offenses occurring on the boundary of a county and a city or within 300 yards thereof.  Our holding makes it unnecessary to determine whether this statute was violated, and if it was, whether the arrest was nevertheless a valid citizen's arrest, see Tharp v. Commonwealth, 221 Va. 487, 490, 270 S.E.2d 752, 754 (1980).

[2] Even if Christian sought to exclude evidence obtained during his arrest, "Virginia law does not, as a general matter, require suppression of evidence obtained in violation of state law." Virginia v. Moore, 553 U.S. 164, ___ (2008); see also Janis v. Commonwealth, 22 Va. App. 646, 651, 472 S.E.2d 649, 652 (holding that exclusion is not an appropriate remedy when a state statute is violated "'absent an express statutory provision for suppression'" (quoting Troncoso v. Commonwealth, 12 Va. App. 942, 944, 407 S.E.2d 349, 350 (1991))), aff'd on reh'g en banc, 23 Va. App. 696, 479 S.E.2d 534 (1996).  Christian alleges no constitutional violation and the only statute he relies upon, Code § 19.2-77, is inapplicable and, in any event, contains no express provision for suppression.

For these reasons, we affirm the judgment of the trial court.

<u>Affirmed.</u>